

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00356-CR

Kalvaugn Lamonz **GEORGE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CR6423
Honorable Ron Rangel, Judge Presiding

Opinion by:　H. Todd McCray, Justice

Sitting:　　Rebeca C. Martinez, Chief Justice
　　　　　　Adrian A. Spears II, Justice
　　　　　　H. Todd McCray, Justice

Delivered and Filed: July 8, 2026

AFFIRMED

On November 11, 2022, pursuant to a plea agreement, Kalvaugn Lamonz George pled no contest to aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2). The trial court deferred adjudication of guilt and placed George on community supervision for a period of ten years. On March 4, 2025, the State moved to adjudicate guilt, alleging that George had violated the terms of his community supervision. George pled true to two of the alleged violations, acknowledging that he had failed to appear to his community supervision officer on

three occasions. The trial court revoked George's probation, adjudicated him guilty of the charged offense, and sentenced him to five years' imprisonment.

George's court-appointed appellate counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). With citations to the record and legal authority, counsel explains that there are no arguable points of error for him to advance on George's behalf. *See id*. at 744-45. Counsel concludes that this appeal is frivolous and without merit. *See id.*; *High v. State*, 573 S.W.2d 807, 812-13 (Tex. Crim. App. 1978). The brief meets the requirements of *Anders* in presenting a professional evaluation showing why there is no basis to advance an appeal. *See id*.

Further, counsel has complied with the requirements of *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), in that counsel has certified that he has served copies of the brief and the motion to withdraw on George, he has informed George of his right to review the record and to file a pro se brief, and he has supplied George with copies of the record. *See id*. at 319-20. This court subsequently set a deadline for George to request a copy of the record and to file a pro se brief. George did not request a copy of the record, nor did he file a pro se brief.

We have thoroughly reviewed the record and counsel's brief. We find no arguable grounds for appeal and agree with counsel that this appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). The judgment of the trial court is therefore affirmed. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Counsel's motion to withdraw is granted. *See id.*

No substitute counsel will be appointed. Should George wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for

discretionary review must be filed within thirty days from the later of: (1) the date of this opinion; or (2) the date the last timely motion for rehearing is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.

H. Todd McCray, Justice

DO NOT PUBLISH